IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


TIA L. OSSENKOP,                                  Case No. 04-1700-AA

        Petitioner,                         OPINION AND ORDER

    v.

WILLIAM HOEFEL,

        Respondent.

---

Robert A. Weppner
Law Offices of Robert A. Weppner
One S.W. Columbia St., Ste. 1850
Portland, OR 97258
    Attorney for petitioner

Hardy Myers
Attorney General
Youlee Yim You
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301
    Attorney for respondent

1   - OPINION AND ORDER

AIKEN, Judge:

On November 22, 2004, petitioner filed a petition pursuant to 28 U.S.C. § 2254 for writ of habeas corpus. Respondent argues that the petition should be dismissed because it was not filed within the one-year limitations period required by 28 U.S.C. § 2244(d)(1). For the foregoing reasons, the petition is dismissed.

## BACKGROUND

On January 20, 1998, petitioner was sentenced to 120 months in prison after she pled guilty to Attempted Aggravated Murder. Petitioner directly appealed her conviction, but the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. State v. Ossenkop, 329 Or. 287, 994 P.2d 122 (1999); State v. Ossenkop, 160 Or. App. 701, 981 P.2d 399 (1999). The appellate judgment became final on September 14, 1999. On November 29, 2000, petitioner filed a state court petition for post-conviction relief (PCR), and the state trial court denied relief. Petitioner appealed to the Oregon Court of Appeals, which affirmed without opinion, and the Oregon Supreme Court denied review. Ossenkop v. Hoyt, 336 Or. 146, 82 P.3d 162 (2003); Ossenkop v. Hoyt, 188 Or. App. 765, 73 P.3d 313 (2003). The appellate judgment issued on January 8, 2004. On November 22, 2004, petitioner filed a petition for writ of habeas corpus in this court.

///

DISCUSSION

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), a federal habeas corpus petition must be filed within one year from the date the judgment of conviction becomes final – either by the conclusion of direct review or by the expiration of time allowed for seeking review by the United States Supreme Court. See 28 U.S.C. § 2244(d)(1); Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Additionally, the limitations period is tolled during the time in which a "properly filed" application for state post-conviction relief is "pending." 28 U.S.C. § 2244(d)(2).

In petitioner's case, the appellate judgment became final on September 14, 1999, and the one-year limitations period commenced ninety days later, on December 13, 1999, the date after which petitioner could no longer seek review by the United States Supreme Court. See Bowen, 188 F.3d at 1158-59. On November 29, 2000, petitioner filed a state PCR petition, thereby tolling the statute of limitations while the Oregon State courts reviewed the petition. Thus, 352 days had already passed before petitioner filed her state PCR petition, leaving her thirteen days to file for federal relief after state review was complete on January 8, 2004. However, petitioner did not file her federal habeas petition until November 29, 2004, an additional 319 days after the state PCR petition was denied. Accordingly, petitioner's federal petition was filed 306 days after the one-year limitations period had expired.

3    - OPINION AND ORDER

Petitioner concedes that her petition was not timely filed; however, she claims that she is entitled to equitable tolling of the statute of limitations. First, petitioner requests relief from her late filing because she acted pro se until November 2004, when her federal habeas petition was filed. Second, petitioner argues that she was suffering from post-traumatic stress disorder, which made it impossible for her to file before the statutory deadline. I find that petitioner's circumstances do not warrant equitable tolling under § 2244(d)(1).

In general, a petitioner requesting equitable tolling must establish two elements: (1) that she has been pursuing her rights diligently, and (2) that some extraordinary circumstance stood in the way of filing a timely petition. Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005). Consequently, under the AEDPA, equitable tolling is appropriate "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Further, the petitioner must show that the extraordinary circumstances actually caused her untimeliness. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). Equitable tolling is thus "unavailable in most cases," and the threshold for its application is "very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).

Numerous federal circuits have rejected petitioner's argument

that she is entitled to equitable tolling because she acted pro se during the applicable limitations period. See, e.g., Donovan v. Maine, 276 F.3d 87, 94 (1st Cir. 2002); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); Smith v. McGinnis, 208 F.3d 13, 18 (2d Cir. 2000); Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999). "In the context of habeas claims, courts have been loath to excuse late filings simply because a pro se prisoner misreads the law." Donovan, 276 F.3d at 94 (quoting Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001)). While pro se filings are to be liberally construed, Laws v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003), "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing," Fisher, 174 F.3d at 714. Furthermore, petitioner has failed to demonstrate that her self-representation was an "extraordinary circumstance" that made it impossible for her to file within the limitations period. In fact, her ability to file a state PCR petition within the one-year period while pro se supports the opposite conclusion. Accordingly, I find petitioner's pro se status insufficient to justify equitable tolling.

Petitioner next contends that chronic post-traumatic stress disorder (PTSD) made it impossible for her to file the federal habeas petition within the limitations period. In general, equitable tolling based on a petitioner's mental condition is available only in cases of "profound mental capacity." United

States v. Sosa, 364 F.3d 507, 513 (4th Cir. 2004); see Grant v. McDonnell Douglas Corp., 163 F.3d 1136, 1138 (9th Cir. 1998) (finding equitable tolling for a mental condition appropriate "only in exceptional circumstances, such as institutionalization or adjudged mental incompetence"). For example, the Ninth Circuit found equitable tolling appropriate in a case where the prisoner had "serious mental problems for many years," and suffered from a psychotic disorder accompanied by delusions, hallucinations, inappropriate affect, social withdrawal, bizarreness, fragmentation of thinking, and incoherence. Calderon v. U.S. Dist. Ct. for Centr. Dist. of Cal. (Kelly V), 163 F.3d 530, 541-42 (9th Cir. 1998) (en banc); see also Calderon v. U.S. Dist. Ct. for Centr. Dist. of Cal. (Kelly III), 127 F.3d 782, 788 n.1 (9th Cir. 1997) (Tashima, J., dissenting) (describing Kelly's mental illness). In the Kelly case, several prison psychiatrists evaluated Kelly, and none of them could ascertain that he was sane. Kelly III, 127 F.3d at 788 n.1. The Ninth Circuit found that mental incompetency is an extraordinary circumstance beyond the prisoner's control, and, if a threshold showing for such incompetency has been made, equitable tolling is appropriate. Kelly V, 163 F.3d at 541.

In the present case, both petitioner and respondent have provided the court with several psychological evaluations and mental health records for petitioner, dating back to January 1999, almost one year prior to start of the limitations period.

Declaration of Robert A. Weppner (Weppner Dec.), Exs. A-C; Respondent's Sur-Reply, Supp. Ex. 106. Even assuming that petitioner suffered from PTSD during the relevant time period, the evidence does not support a finding that she was mentally incompetent or that it would have been impossible for her to file a federal petition before the limitations period expired. While PTSD may have burdened petitioner's ability to prepare her habeas petition, the law requires her to prove that her mental condition was such a barrier that it was impossible to file her petition on time. See Spitsyn, 345 F.3d at 799.

First, petitioner's condition is far less debilitating than that of the prisoner in Kelly, who suffered from a psychotic disorder with hallucinations, delusions, and incoherence. See Kelly III, 127 F.3d at 788 n.1. The evidence in this case shows nothing of that severity. Petitioner was able to maintain long-term employment in prison and reported no attention difficulties, no problems with behavior, and "good" relationships with peers and supervisors. Ex. 106, pp. 214-15. When petitioner's symptoms appeared at their worst, it frequently coincided with requested or anticipated moves between facilities. See, e.g., Ex. 106, pp. 182-83, 195, 212. Notably, these problems did not take place during the limitations period. See, e.g., Ex. 106, pp. 195-97. In fact, her mental health records show essentially no activity during the limitations period, and almost immediately after it expired in

January 2004, it was reported that she was stable, with no distress. Weppner Dec., Ex. C, p. 22.

Furthermore, petitioner was able to file her state PCR petition within the limitations period. In Gaston v. Palmer, the Ninth Circuit found that the district court properly rejected an equitable tolling argument where petitioner alleged he was physically and mentally incapable of filing a petition on time. 417 F.3d 1030, 1034-35 (9th Cir. 2005). There, the petitioner stated that he heard voices, suffered from severe pain and multiple sclerosis, and was paralyzed from the waist down. Id. at 1033. However, "[b]ecause [Gaston] was capable of preparing and filing state court petitions . . . it appear[ed] that [Gaston] was capable of preparing and filing a petition before the expiration of the statute of limitations." Id. at 1035. In petitioner's case, I find that because petitioner was capable of filing her state petition within the limitations period, and there is no evidence that her condition drastically worsened during the relevant time period, petitioner fails to show that she was incapable of filing her federal petition before the statute of limitations expired.

Finally, I note that petitioner filed her federal petition just under one year after her state PCR petition was denied. Given that petitioner admits that she understood the federal deadline to mean she had one year to file a federal petition after her state petition was dismissed, it appears more likely that her actions are

the result of misreading the law, not her alleged PTSD. See Declaration of Petitioner, ¶ 7. As discussed above, petitioner's misunderstanding of the law is insufficient to justify equitable tolling.

## CONCLUSION

Because petitioner failed to establish that an extraordinary circumstance prevented her from filing within the one-year limitations period, her federal habeas petition is time-barred under the AEDPA. The Petition for Writ of Habeas Corpus is DISMISSED.

IT IS SO ORDERED.

Dated this __14__ day of February, 2006.


                        _____/s/ Ann Aiken_____
                              Ann Aiken
                     United States District Judge